# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| IN RE: Family Dollar Stores, Inc., Pest Infestation Litigation ) ) ) ) ) ) ) ) ) | No. 2:22-md-3032-SHL-tmp (MDL Docket No. 3032) |
| This Document Relates to: | |
| ALL CASES | |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR ATTORNEYS' FEES

Before the Court is Plaintiffs' Unopposed Amended Motion for Attorneys' Fees, filed May 17, 2024. (ECF No. 214.) For the reasons set forth below, the motion is **GRANTED**.

On May 6, 2024, the Court entered an Order Granting in Part and Denying in Part Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses and Service Awards and Granting Plaintiffs' Unopposed Motion for Final Approval of Proposed Settlement. (ECF No. 212.) Specifically, the Court denied Plaintiffs' Motion for Attorneys' Fees without prejudice because it did not comply with the Court's Local Rules. (Id. at PageID 4322.) On May 17, 2024, Plaintiffs filed this amended motion that corrected the previous deficiencies.

"The Sixth Circuit permits calculation of attorneys' fees under either the lodestar method (multiplying the number of hours spent on the litigation by certain attorneys by their hourly rate) or the percentage of the fund method (counsel receive a set percentage of the total settlement fund)." In re Packaged Ice Antitrust Litig., No. 08-MDL-01952, 2011 WL 6209188, at *17 (E.D. Mich. Dec. 13, 2011). "District courts have discretion 'to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.'" Van Horn v.

Nationwide Prop. & Cas. Ins., 436 F. App'x 496, 498 (6th Cir. 2011) (quoting Rawlings v. Prudential–Bache Props., Inc., 9 F.3d 513, 516 (6th Cir.1993)).

Plaintiffs' counsel seeks an award of ten million dollars, which applies a multiplier of about two. (Id. at PageID 3975.) Because this is not a common fund case, Plaintiffs assert that the lodestar method is appropriate. (ECF No. 194-1 at PageID 3970.) Indeed, the lodestar method is favored in cases where there is no common fund, and thus it will apply here. See, e.g., Yamada v. Nobel Biocare Holding AG, 825 F.3d 536, 546–47 (9th Cir. 2016).

Although Plaintiffs' Motion for Attorneys' Fees is unopposed, they still have the burden of providing evidence of hours worked and the reasonableness of rates charged. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). In support of the reasonableness of their request, Plaintiffs submit a declaration from Interim Co-Lead Counsel, J. Gerard Stranch, IV, that lays out the hours and applicable lodestar for all counsel (ECF No. 195 at PageID 3986–99), firm resumes for Class Settlement Counsel (id. at PageID 4004–47), a Declaration of Brian T. Fitzpatrick, a professor at Vanderbilt University who focuses on class action litigation (ECF No. 202 at PageID 4222), a declaration of Frank L. Watson, a qualified attorney in the community certifying that counsels' requested rates are comparable to local market rates for similar services (ECF No. 214-1), and affidavits from counsel attesting to the accuracy of the time billed. (ECF Nos. 214-2–214-14.)

I.   **Lodestar Calculation**

   A.   Reasonableness of Rates

District courts maintain broad discretion to determine the reasonableness of an attorney's hourly rate as a component of the lodestar computation. Wayne v. Vill. of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). To make that determination, the Court must assess "the prevailing market

rate in the relevant community," which is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).  A court may consider "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." Van Horn v. Nationwide Prop. and Cas. Ins. Co., 436 F. App'x 496, 499 (6th Cir. 2011).

In his declaration, Attorney Stranch lists the billing rates for each attorney on the case, which range from $325–$1430 based on seniority and experience.  (ECF No. 195 at PageID 3993–96, 3398.)  Plaintiffs explain that these rates are reasonable because they track the prevailing market rates of Class Counsel for work of this nature and have been approved by other courts.  (ECF No. 194-1 at PageID 3974) (citing In re CertainTeed Fiber Cement Siding Litig., MDL No. 2270 (E.D. Pa. 2014); In re CertainTeed Roofing Shingle Prod. Liab. Litig., No. 07-MDL-1817 (E.D. Pa. 2010); In re IKO Roofing Shingle Prod. Liab. Litig., MDL No. 2104 (C.D. Ill.); Morrison v. Ross Stores, Inc., No. 4:18-CV-2671-YGR, 2021 WL 3852726 (N.D. Cal. Aug. 27, 2021); In re Kitec Plumbing Sys. Prod. Liab. Litig., MDL No. 2098 (N.D. Tex.); Gold v. Lumber Liquidators, No. 15-cv-5373 (N.D. Cal.); In re Vioxx Prod. Liab. Litig., MDL No. 1657 (E.D. La. 2011); In re Propulsid Prod. Liab. Litig., MDL No. 1355 (E.D. La); Eliason v. Gentek Bldg. Prod., Inc., No. 10- 2093 (N.D. OH. 2013); In re JP Morgan Chase Mortg. Modification Litig., No. 11-md-2290 (D. Mass. 2014); United Desert Charities v. Sloan Valve Co., No. 12-6878 (C.D. Cal. 2014); Gulbankian v. MW Mfr., Inc., No. 10-10392 (D. Mass.); Pollard v. Remington Arms Co., LLC, No. 4:13-cv-00086-ODS (W.D. M.O. 2017); Leach v. Honeywell Intl', Inc., No. 1:14-cv-12245-LTS (D. Mass); Newman v. Metro. Life Ins. Co., No. 1:11-cv-03530 (N.D. Ill. 2019); In re Apple Inc. Device Performance Litig., MDL 2827 (N.D. Cal. 2020);

3

Hill v. Canidae Corp., No. 20-1374 (C.D. Cal. 2021); Herrera v. Wells Fargo Bank, N.A., No. 8:18-cv-00332(C.D. 2021); In re Zurn Pex Plumbing Litig., MDL No. 1958 (D. Minn.); In re Uponor, Inc. F1807 Plumbing Prods. Liab. Litig., MDL No. 2247 (D. Minn.)).  They also emphasize that these rates are reasonable given the scope of the Class Settlement and Class Counsel's specialized national practices.  (Id. at PageID 195.)

Plaintiffs also submit an affidavit from Frank L. Watson, III, an attorney not part of this case, who attests that the rates sought by counsel are appropriate in the Western District of Tennessee for complex class action work.  (ECF No. 214-1 at PageID 4338.)  He bases this opinion on his own experience and background as a class action litigator and his review of the docket in this case.

Considering the complexity of the case, counsel's experience, and the affidavit of Attorney Watson, the Court finds the rates to be reasonable.

B.    Reasonableness of Hours Spent

Turning to the second element of a lodestar calculation, the Court evaluates the reasonableness of the hours Plaintiffs' counsel spent on this litigation.  Attorneys seeking fees and costs are obligated "to 'maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.'"  Smith v. Serv. Master Corp., 592 F. App'x 363, 371 (6th Cir. 2014) (quoting Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)).  Although not required to record the minute-by-minute details of their work, counsel should "'identify the general subject matter of . . . time expenditures.'"  Id. (quoting Hensley, 461 U.S. at 437 n.12.).  Attorneys from each firm have submitted affidavits that break down the work done into thirteen categories: (1) client retention; (2) preparation of pleadings, motions and supporting briefs, legal research; (3) preparing and responding to written

4

discovery requests, including depositions; (4) litigation strategy and analysis (meetings, conference calls, miscellaneous strategy); (5) class certification; (6) trial preparation and trial; 7) investigation and research; (8) preparation for and court appearances; (9) appeals; (10) management and administration; (11) mediation/resolution; (12) settlement and settlement negotiations; (13) travel.  (ECF Nos. 214-2–214-14.)  After reviewing these affidavits, the Court finds the number of hours worked to be reasonable.

    C.    <u>Multiplier</u>

After multiplying the hours spent by counsel's hourly rates, this results in a lodestar of $4,928,269.62.  (ECF No. 194-1 at PageID 3974.)  Plaintiffs' counsel seeks an award of ten million dollars, which applies a multiplier of about two.  (<u>Id.</u> at PageID 3975.)

Plaintiffs argue that this multiplier is appropriate because they assumed substantial risk in taking the case.  (<u>Id.</u>)  Further, plaintiffs point out that the requested multiplier falls well within the range of those approved by courts in the circuit.  (<u>Id.</u>) (citing <u>Lonardo v. Travelers Indem. Co.</u>, 706 F. Supp. 2d 766, 794 (N.D. Ohio 2010), <u>on reconsideration in part</u> (July 21, 2010) (collecting cases and sources with multipliers between 2.5 to 4); <u>Arp v. Hohla & Wyss Enter., LLC</u>, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) (lodestar multiplier of 5.29 is "within the acceptable range")).

"[E]nhancing the lodestar with a separate multiplier can serve as a means to account for the risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983).  Typically, a Court finds that a lodestar enhancement is appropriate when one of three situations exists in a given case: "(1) when the method used to determine the billing rate 'does not adequately measure the attorney's true market value;' (2) when the litigation involved 'an extraordinary

5

outlay of expenses' and was 'exceptionally protracted;' and (3) when there was an 'exceptional delay in the payment of fees.'" Linneman v. Vita-Mix Corp., 970 F.3d 621, 632 (6th Cir. 2020) (quoting Purdue v. Kenny A, ex rel. Winn, 559 U.S. 542, 554– 56 (2010)). "Multipliers are not uncommon in class action settlement cases to enhance the lodestar figure in recognition of the 'risk an attorney assumes in undertaking a case, the quality of the attorney's work product, and the public benefit achieved.'" Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 794 (N.D. Ohio 2010), on reconsideration in part (July 21, 2010) (citing Rawlings, 9 F.3d at 515–17).

As the Court noted in its Order Granting Preliminary Approval, the outcome of the case was uncertain. (ECF No. 189 at PageID 3940.) Considering the risk Plaintiffs' counsel took in bringing the case, a multiplier of two is appropriate.

D.     Ramey Factors

As a final step, the Sixth Circuit has identified six factors to determine the reasonableness of a fee request: "(1) the value of the benefit rendered to the [the plaintiffs], (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides." Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974). As discussed below, all factors weigh in favor of a finding of reasonableness.

   1.    *Value of the Benefit Rendered to the Settlement Class*

"District courts in this Circuit widely regard the first Ramey factor as the most important." In re Cardinal Health Inc. Sec. Litig., 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007). Here, the value of the benefit to the class members is substantial. The monetary recovery—a $25 Family Dollar Gift Card for each eligible Settlement Class Member who submits an approved

6

claim—constitutes a significant portion of the maximum potential damages. (ECF No. 156 at PageID 3040.) Family Dollar also worked closely with the FDA to implement extensive remedial actions to help prevent issues like those alleged to have occurred at Distribution Center 202 from occurring again. (Id.) These corrective actions include, for example: (1) the retention of a number of third-party consultants with expertise in food safety and regulatory compliance; (2) the implementation of more than sixty Standard Operating Procedures addressing topics including, among others, integrated pest management, sanitation, employee training, food safety, and preventative maintenance; (3) the creation of a large food safety department; and (4) the significant enhancement of compliance systems and processes throughout the organization. (Id.) This first factor weighs in favor of a finding of reasonableness.

        2.      *Society's Stake in Rewarding Class Counsel's Work*

"Consumer class actions . . . [provide] value to society . . . both as deterrents to unlawful behavior—particularly when the individual injuries are too small to justify the time and expense of litigation—and as private law enforcement regimes that free public sector resources." Gascho v. Glob. Fitness Holdings, LLC, 822 F.3d 269, 287 (6th Cir. 2016). Many of the class members would not have been able or willing to pursue their claims without class counsel's efforts. Society's interest in the prosecution of consumer class action cases supports a finding of reasonableness.

        3.      *Services Rendered on a Contingency Fee Basis*

Counsel undertook this case on a contingency fee basis. Attorneys who take on such a massive task with a significant risk of nonpayment should be compensated "both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case." Packaged Ice, 2011 WL 6209188, at *19 (quoting In re Automotive Refinishing Paint Antitrust

Litig., MDL No. 1426, 2004 WL 1068807, *5 (E.D. Pa. May 11, 2004)). The contingent nature of this representation also weighs in favor of a finding of reasonableness.

    4.    *Value of Services*

As discussed in connection with the first factor, the benefit to Class Members has been significant. And as noted above, the hourly rates charged are reasonable in light of the complexity of the case. This factor weighs in favor of a finding of reasonableness.

    5.    *Complexity of Litigation*

Class actions and consumer protection cases are inherently complex. See In re Flint Water Cases, 583 F. Supp. 3d 911, 945 (E.D. Mich. 2022) ("Class actions are, in general, inherently complex," (citation omitted)); Chapman v. Tristar Prod., Inc., No. 16-CV-1114, 2018 WL 3752228, at *4 (N.D. Ohio Aug. 3, 2018) (stating consumer protection matter "was highly complex"). Further, this case involves multiple state legal frameworks and jurisdictions, and a complex web of Defendants' intermingled business entities. (ECF No. 156 at PageID 3046.) The complexity of the case also supports finding that the requested fees are reasonable.

    6.    *Counsel's Skill Level*

There is no question as to the skill and efficiency of Counsel on both sides of this case. Class Counsel belong to established plaintiff-side class-action firms; their experience in handling class actions is beyond dispute. All attorneys have handled matters with extreme professionalism, expediency, and competency. All attorneys have demonstrated sufficient knowledge of the applicable law throughout the case and have successfully navigated this case to the settlement stage. The Court has no hesitation concluding that this factor weighs in favor of approving the fee request.

## **CONCLUSION**

  Finding Plaintiffs' request for attorneys' fees reasonable, the Court **AWARDS** ten million dollars in fees.

  **IT IS SO ORDERED,** this 31st day of May, 2024.

                s/ Sheryl H. Lipman
                SHERYL H. LIPMAN
                CHIEF UNITED STATES DISTRICT JUDGE